UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES DEAN BLOOMER, as the
Administrator of the Estate of decedent
JAMES WRIGHT BLOOMER,

        Plaintiff,

        v.

TOPEKA OPERATIONS
ASSOCIATION, LLC, *et al.,*

        Defendants.

Case No. 23-2535-DDC-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff James Dean Bloomer's ("Bloomer") Amended Motion for Leave to File a Second Amended Complaint. (ECF 40.) By way of the motion, Bloomer seeks leave to amend his complaint to assert a declaratory-judgment claim against defendant Excel of Topeka, LLC ("Excel"). Excel opposes the amendment as futile. (ECF 43.) For the reasons explained below, the court grants Bloomer's motion and permits the filing of an amended complaint.

## I.  BACKGROUND

On December 2, 2021, James Wright Bloomer ("decedent") suffered a hypoglycemic incident while a resident at defendant Topeka Operations Association, LLC ("Topeka Operations"), a skilled nursing facility. Decedent's son, James Dean Bloomer, as the administrator of decedent's estate, filed this action on December 4, 2023, alleging the hypoglycemic incident was the proximate result of the facility's negligent understaffing and undercapitalization. (ECF 1.) Bloomer named as defendants: Topeka Operations, as the owner and a manager of the facility;

Centers for Care, LLC, as the operator and a manager of the facility; and Kenneth Rozenberg, Daryl Hagler, and Amir Abramchik, as the owner-members of both Topeka Operations and Centers for Care, LLC.

On January 29, 2024, Bloomer filed an amended complaint as a matter of right (before any defendant had answered) under Federal Rule of Civil Procedure 15(a)(1).  (ECF 7.)  The amended complaint added Excel as a defendant because it had purchased all liabilities of Topeka Operations, making it legally responsible for the conduct at issue.  (*Id.* at 3.)  On April 29, Excel filed a motion to dismiss the single negligence claim against it on the grounds that the claim was barred because Excel was not brought into the case until two months after the applicable statute of limitations expired and because Bloomer did not plead facts sufficient to support his claim.  (ECF 22.)

On May 13, Bloomer, rather than filing a response to the motion to dismiss, filed a motion for leave to file a second amended complaint[1] and for an extension of his motion-to-dismiss response deadline should it not be mooted by the court granting him leave to amend.  (ECF 29.) Bloomer's proposed second amended complaint dropped the negligence claim against Excel but added claims for (1) successor liability, asserting that Excel purchased all outstanding liabilities of Topeka Operations in May 2023, as well as an insurance policy that covered claims arising from occurrences at the facility; and (2) a declaratory judgment that Excel purchased the liabilities of Topeka Operations and that the insurance Excel purchased covers the claims in this lawsuit.  (ECF 29-1.)  Excel's response argued the proposed amendments were futile and that Bloomer did not allege facts sufficient to state a claim against it.  (ECF 34.)

---

[1] Bloomer mistakenly stated he was seeking leave to file a "third" amended complaint, but he was actually seeking leave to file a second amended complaint.

On June 11, before the court had ruled Bloomer's motion for leave to file a second amended complaint, Bloomer filed an amended motion for leave to file a second amended complaint. (ECF 40.) Bloomer explained that he had learned the factual allegations included in his May 13 proposed amended complaint, which were the basis of his proposed claims in that version of his proposed complaint, were not accurate. Specifically, new counsel for Topeka Operations had informed him that Excel did <u>not</u> purchase all outstanding liabilities of Topeka Operations, nor an insurance policy that covered claims arising from occurrences at the facility. (*Id.* at 3.) Thus, Bloomer no longer wished to include those inaccurate allegations or related claims in an amended complaint. Rather, Bloomer offered an amended proposed second amended complaint that deleted the previously proposed successor-liability and declaratory-judgment claims against Excel, but asserted a new declaratory-judgement claim based on newly obtained information that a liability insurance policy followed the license to operate the facility (a license currently held by Excel). (ECF 40-1.)[2] The proposed declaratory-judgment claim seeks a declaration that the insurance policy provides coverage for the allegations in this case. Excel opposes the requested amendment on the ground that the proposed new claim is futile.

II.    **LEGAL STANDARDS**

When, as here, a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend pleadings] when justice so requires." *Id.* In freely allowing leave to amend, the court provides litigants with "the

---

[2] On June 20, the court entered an order deeming Bloomer's May 13 motion for leave to file a second amended complaint moot, based on the filing of (and the representations in) Bloomer's June 11 amended motion for leave to file a second amended complaint. (ECF 42.) Based on that order, the court denied Excel's motion to strike the current amended motion for leave to file a second amended complaint. (ECF 44.)

maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).  The court may only deny leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."  *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted.  *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (in the absence of such a showing, amendment should be allowed).  Whether to grant leave to amend lies within the district court's discretion.  *Warnick*, 895 F.3d at 755.

Here, Excel argues that the court should deny leave to amend because the proposed amendment is futile.  "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal."  *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  In this context, the court considers whether the amended complaint could withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (collecting cases).  To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In analyzing whether dismissal is appropriate, the court must "accept the facts alleged

in the complaint as true and view them in the light most favorable to the plaintiff."  *Mayfield v.*

*Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

**III.    ANALYSIS**

Bloomer's proposed second amended complaint alleges that Excel "'owns' the insurance

policy that provides coverage for the negligence at issue in this lawsuit through a transaction where

[Excel] purchased the license to operate the nursing home."  (ECF 40-1 ⁋ 13.)  Bloomer asserts

that, based on this ownership, Excel is an indispensable party.  Bloomer seeks to add a declaratory-

judgment claim against Excel, asking the court to "declare the insurance coverage obtained

through [Excel's purchase of the facility] provides coverage for the claims raised in this lawsuit."

(*Id.* ⁋ 192.)

Excel asserts that the court should deny the motion for leave to amend because Bloomer's

proposed declaratory-judgment claim is futile for four reasons.  After considering each futility

argument and applying the liberal Rule 15 standards for amendment, the court concludes that

amendment is warranted at this early stage in the proceedings.

A.    Standing

First, Excel argues that Bloomer has no standing to bring the declaratory-judgment claim.

The court's power to grant declaratory relief stems from 28 U.S.C. § 2201, which states that the

court "may declare the rights and other legal relations of any interested party" to a controversy.

Excel does not dispute that it owns the liability insurance policy that Bloomer contends applies in

this case.  Rather, Excel argues that Bloomer cannot seek a declaratory judgment about the

applicability of the policy because he is neither a party to the insurance contract nor a third-party

beneficiary of the contract.  The court is not so sure.

"'Kansas law allows a qualified third-party beneficiary plaintiff to enforce a contract expressly made for his or her benefit even though he or she was not a party to the transaction.'" *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego, Kan.*, 535 F. App'x 653,659–60 (10th Cir. 2013) (quoting *State ex rel. Stovall v. Reliance Ins. Co*., 107 P.3d 1219, 1230–31 (Kan. 2005)).  A third-party beneficiary of a contract is "one who the contracting parties intended should receive a direct benefit from the contract."   *Eucalyptus Real Estate, LLC v. Innovative Work Comp Solutions, LLC*, 642 F. Supp. 3d 1273, 1280 (D. Kan. 2022) (quoting *Tri-State Truck*, 535 F. App'x at 660).  Bloomer might be an intended beneficiary of the liability policy that "stays" with the nursing facility at which the alleged negligent acts in this case occurred, particularly if the insurance is required by Kansas statutes.  *See, e.g.*, *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1231 (10th Cir. 2012) ("Even where an injured third party is not an express contractual third-party beneficiary of an insurance contract, she might nevertheless be able to enforce the contract if there is a sufficient statutory relationship between the injured third party and the insurer.").[3]  But Kansas law requires that, "[b]efore the issue is reached of whether a third party may directly enforce a contract from which he would benefit, the third party must show the existence of some provision in the contract that operates to his benefit."  *Eucalyptus Real Estate,* 642 F. Supp. 3d at 1281 (quoting *Stovall*, 107 P.3d at 1231).  Bloomer has not submitted a copy of the insurance contract for the court's review.

U.S. District Judge Daniel D. Crabtree recently was presented with a similar situation in *Eucalyptus Real Estate*.  There, a plaintiff brought a declaratory-judgment claim against an

---

[3] The court rejects Excel's suggestion that "injured parties are not considered third-party beneficiaries of liability insurance contracts," which relied on *White v. Goodville Mut. Cas. Co*., 596 P.2d 1229, 1233 (Kan. 1979).  *White* involved the interpretation of whether the Kansas Automobile Injury Reparations Act authorized a direct action by an injured party against automobile insurance carriers.  It is not directly applicable here.

insurance company, asking the court to declare that the company issued a policy that applied to the case. *Id.* at 1280. The insurance company moved to dismiss the declaratory-judgment claim, arguing the plaintiff had no standing to assert the claim because it did not adequately demonstrate that it was a third-party beneficiary of the insurance contract; plaintiff did not attach a copy of the insurance policy to its complaint. *Id.* at 1281. Judge Crabtree denied the motion to dismiss (without prejudice to it being renewed at the dispositive-motion stage), noting that the insurance company cited no case "holding that a third party beneficiary fails to allege a plausible contract claim simply by failing to allege in its Complaint that a particular portion of the contract operates to the party's benefit." *Id.* The court recognizes that differences between *Eucalyptus Real Estate* and this case—such as the fact that Bloomer is not suing the insurance company but rather the insured, to whom plaintiff has attributed no wrongdoing—may lead Judge Crabtree to reach a different conclusion if Excel asserts this argument in a dispositive motion. But, at this stage in the proceedings, the court does not find that Excel has demonstrated that Bloomer's declaratory-judgment claim is necessarily futile such that amendment should be denied for lack of standing.

B.      Statute of Limitations

Excel's second futility argument is that Bloomer's proposed declaratory-judgment claim is time barred. The parties agree that the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 does not have a statute of limitations of its own, but instead adopts the limitations period applicable to the "basic nature" of the claim that would have been litigated if declaratory judgment was not an option. *See Ace Prop. & Cas. Ins. Co. v. Superior Boiler Works, Inc.,* 504 F. Supp. 2d 1154, 1159–60 (D. Kan. 2007). Excel asserts that Bloomer's proposed declaratory-judgment claim sounds in professional negligence, and is therefore subject to the two-year statute of limitations found in KAN. STAT. ANN. § 60-513(7) (applicable to "[a]n action arising out of the rendering of or failure

to render professional services by a health care provider, not arising on contract").  Bloomer, on

the other hand, asserts that his proposed declaratory-judgment claim sounds in contract and is thus

subject to the five-year statute of limitations found in KAN. STAT. ANN. § 60-511(1) (applicable to

"[a]n action upon any agreement, contract or promise in writing").  The parties do not dispute that

the proposed claim is time barred if the two-year limitations period applies, but not if the five-year

limitations period applies.

Excel has not demonstrated that the two-year limitations period applies.  Declaratory-

judgment actions seeking the interpretation of insurance contracts fall within the ambit of a

contract dispute.  *See Ace Prop.,* 504 F. Supp. 2d at 1160; *Columbian Fin. Corp. v. Businessmen's*

*Assur. Co. of Am.*, 743 F. Supp. 772, 775 (D. Kan. 1990) (reversed on other grounds); *Deffenbaugh*

*Indus., Inc. v. Unified Gov't of Wyandotte Cnty./Kansas City, Kan.*, No. 20-2204-EFM, 2021 WL

6072508, at *15 (D. Kan. Dec. 23, 2021).  As such, the five-year limitations period applies.

Excel's argument that the proposed claim sounds in medical negligence is premised on his theory

that Bloomer "cannot bring a claim for contract as he lacks standing."  (ECF 43, at 4.)  As noted

above, the court has not adopted that theory.  Accordingly, the court does not find Bloomer's

proposed claim to be futile as time barred.

C.      Discretionary Nature of Declaratory-Judgment Claims

Excel next asserts that the court should decline to exercise its discretion to entertain a

declaratory-judgment action.  *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) ("[D]istrict

courts possess discretion in determining whether and when to entertain an action under the

Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional

prerequisites."); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (setting

out five factors the court should consider "when deciding whether or not to hear a declaratory

action").  The fact that the court has discretion to decline to hear a declaratory-judgment claim does not make that claim futile.  Excel is of course not precluded from asserting its arguments against discretionary jurisdiction at a later procedural juncture.

        D.        <u>No Liability Claim Asserted Against Excel</u>

Finally, Excel argues that the court should not allow Bloomer to assert the proposed declaratory-judgment claim for contract interpretation against Excel because he has not pleaded that Excel is liable for any of the allegedly negligent care the facility provided to his father.  Excel cites no legal support for this argument.  The court finds it tied to Excel's first argument on standing and, for the reasons discussed above, will not deny amendment on this basis.[4]

In the end, the court is mindful of Rule 15's dictate to freely give leave to amend.  This case is in its early stages, with a scheduling order not yet entered.  Bloomer's proposed claim is not clearly futile, and Excel may re-assert its arguments in a dispositive motion.  Thus, the court exercises its discretion to grant Bloomer leave to file an amended complaint.

**IT IS THEREFORE ORDERED** that Bloomer's Amended Motion to File a Second Amended Complaint (ECF 40) is granted.  Bloomer is directed to file his Second Amended Complaint as a separate docket entry by July 19, 2024.

Dated July 12, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

---

[4] The court also notes that petitioners for declaratory judgment are required to make parties or to cite "all parties having an interest therein or adversely affected."  Advisory Committee Notes to FED. R. CIV. P. 57.  Presumably, Excel has an interest in a declaration about the applicability of an insurance policy that it owns.